UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD EUGENE NICHOLS,

Plaintiff,

v.

FINN, SUPERVISOR, SUMMIT FOOD
SERVICES,

Defendants.

CAUSE NO. 3:25-CV-574-JTM-JEM

OPINION AND ORDER

Ronald Eugene Nichols, a prisoner without a lawyer, filed a complaint. (DE # 1.)
"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however
inartfully pleaded, must be held to less stringent standards than formal pleadings
drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and
citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the
merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails
to state a claim upon which relief may be granted, or seeks monetary relief against a
defendant who is immune from such relief.

Nichols is incarcerated at the St. Joseph County Jail. When the food service
provider switched from Aramark to Summit Food Services, Nichols claims he began
receiving kosher meals that didn't meet his nutritional needs for "specific reasons." (DE
# 1 at 2.) He says they were "the same every meal." Breakfast was two hardboiled eggs
and two tortillas, and both lunch and dinner consisted of rice, beans, cold vegetables,

two tortillas, and two boiled eggs. He claims they were originally giving him peanut butter and jelly—which he is allergic to—instead of eggs, but that problem seems to have been resolved for the most part. When they forget, Nichols reminds them of his peanut allergy, and he has to "wait on my food for them to put 2 eggs on my tray" which renders the rest of his items cold when they come back. *Id.* As for the repetitiveness, he admits he is not allergic to beans, but he didn't want to eat them every day as that would allegedly have caused him "stomach discomfort." *Id.* at 3. He couldn't "conceive eating these same things every single day," so he stopped eating the beans at some point. *Id.* He says this left him with "very little nutritional value," which put him in "direct conflict" with his "religious beliefs" *Id.* He describes those beliefs as having to "follow these dietary guidelines set down by God for his people to follow." *Id.* According to Nichols, "Since there seems to be no alternative to eating the same thing everyday that also doesn't meet my nutritional needs, and since I can't even get the administrative answers to these concerns, I was finally forced to switch to non-kosher trays beginning on 6/4/25, no longer affording me the practice of my religious belief." *Id.*

On three separate occasions following the switch, Nichols—who is allergic to tomatoes—received a tray containing tomatoes as part of the main course. When he complained, he was brought trays that "contained a double serving of rice, cake, cornbread, and veggie" but "no protein whatsoever." *Id.* Nichols states, "[F]orcing me to accept a tray without protein or to refuse the tray goes far beyond negligence by the kitchen staff." *Id.*

2

Nichols is suing Warden Finn in his official capacity "for the grievance policy/procedure that so far has completely ignored me" and for the kosher menu which forces inmates to eat the same thing every day. *Id.* at 4. He is suing the kitchen supervisor in their individual capacity for "refusing me a protein option to substitute the main course containing tomatoes instead serving me rice" on three separate occasions. *Id.* And finally, he is suing Summit Food Service for the kosher menu which forces inmates to "eat the exact same thing every meal." *Id.* He seeks monetary damages and for the "Kosher menu to be redrawn so it provides some variety." *Id.* at 7. He also wants the "grievance policy fixed." *Id.*

"The Free Exercise Clause [of the First Amendment] prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation marks omitted). "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Id.* at 380. However, "[i]n the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman*, 733 F.3d at 696 (quoting *O'Lone v. Shabazz,* 482 U.S. 342, 349 (1987)).

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on

"any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect of his religious practice has been substantially burdened. *Id.* At a later stage, the burden shifts to the defendant to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008).

Here, Nichols says when the food service provider at the Jail changed, he began receiving kosher trays that were repetitive and contained beans—which made them unappetizing and potentially upsetting to his stomach—so he eventually stopped eating the kosher meals and requested regular meals instead. He claims doing so put him in "direct conflict" with his "religious belief." However, Nichols doesn't state what religion he is referring to or describe his religious practices/beliefs in any way other than to suggest he has to follow unspecified "dietary guidelines set down by God." Both a First Amendment claim and a RLUIPA claim require identification of a plaintiff's religion and the religious practices/beliefs at issue. A conclusory allegation that his "religious belief" was violated when he was served repetitive meals containing beans is insufficient to state a claim.[1] *See Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469

---

[1] While kosher meals are most often attributed to Judaism, other religions have dietary requirements (such as those found in Islam and Seventh-day Adventism) that are sometimes compatible with kosher meals. *See, e.g., Jones v. Carter*, 915 F.3d 1147, 1148 (7th Cir. 2019) ("[M]any Jewish and Muslim inmates would find a nutritionally adequate vegetarian diet that otherwise satisfies kosher standards to be fully compatible with their beliefs[.]"). The fact that Nichols was receiving kosher meals doesn't provide the court with the necessary information.

(7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. . . . [W]hen considering the viability of a claim . . ., we may reject sheer speculation, bald assertions, and unsupported conclusory statements.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility."); *Ashcroft*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Nichols has failed to state any plausible First Amendment or RLUIPA claims.

Nichols has also sued Warden Finn for the alleged lack of a functioning grievance process at the St. Joseph County Jail. However, the mishandling of grievances and/or the lack of a functioning grievance process does not state a constitutional claim. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.").

Finally, Nichols complains about the food service at the Jail. Under the Eighth Amendment,[2] prisoners must be given "[a]dequate food" to comport with the "minimal civilized measure of life's necessities[.]" *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). In evaluating whether a prisoner was served an adequate quantity of food, "a court must assess the amount and duration of the deprivation" in addition to the consequences suffered. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Prisoners do not have a right to "food that is tasty or even appetizing," *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017). Similarly, "complaints about cold and poorly-prepared food" are insufficient to state a claim. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). "Indeed, routine discomfort is part of the penalty prisoners pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel.'" *Williams*, 102 Fed. Appx. at 507 (quoting *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988)). For an individual defendant to be held liable, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

---

[2] Nichols states he is a "federal inmate awaiting to be sent off to prison." (DE # 1 at 6; *see also United States v. Nichols*, cause no. 3:24-CR-094-DRL-SJF (filed Nov. 13, 2024), at DE # 34 (judgment entered in federal criminal case on May 9, 2025, which was prior to the date the complaint was docketed in this civil case).

Nichols says he was given a tray without protein on it three times when the main course contained tomato (which he is allergic to). However, he admits he was given a "double serving of rice, cake, cornbread, and veggie" on those occasions. These facts, taken together, do not plausibly suggest Nichols has been deprived of constitutionally adequate nutrition or has suffered any harm to his health due to the lack of protein over the course of three single meals. Moreover, he doesn't allege the kitchen supervisor knew about any specific health concerns related to this alleged deprivation. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (finding that while a prison may not let an inmate starve to death, even a forty-five pound weight loss due to self-inflicted skipping of meals was not unconstitutional because there was "no indication that his life or health was jeopardized" or evidence that the defendants "knew that he was endangering his health sufficiently to require drastic intervention"); *see also Morris v. Kingston*, 368 F. Appx. 686, 689 (7th Cir. 2010) (finding that missing seventeen meals over twenty-three days did not violate the Constitution because plaintiff "ha[d] not shown that missing his meals … caused serious harm or lasting detriment."). These allegations do not state any plausible claims.

To the extent Nichols is complaining about the food prepared by Summit Food Services generally, he does not allege he has been deprived of any full meals; rather, he says the quality and diversity of the kosher meals—which he no longer eats—is lacking. He doesn't plausibly allege the kosher meal plan as designed is nutritionally deficient or lacking in sufficient calories. Rather, he takes issue with the repetitiveness and says he can't fathom eating beans for lunch and dinner every day. However, he admits he is

7

not allergic to beans and, aside from his own speculation about potential stomach issues, he doesn't have a documented medical reason why he cannot eat them. Again, prisoners do not have a right to "food that is tasty or even appetizing." *Williams*, 102 Fed. Appx. at 507. And, while Nichols believes his choice not to eat the beans left little nutritional value remaining in the kosher meal plan, he doesn't describe any health issues he suffered because of it. *See, e.g., Freeman*, 441 F.3d at 547. Thus, these allegations do not state any plausible claims either.

This complaint does not state any claims for which relief can be granted. If Nichols believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Ronald Eugene Nichols until **September 9, 2026**, to file an amended complaint; and

8

(2) CAUTIONS Ronald Eugene Nichols that if he does not do so by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

**SO ORDERED.**

Date: August 5, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT